McGREGOR W. SCOTT
United States Attorney
MATTHEW D. SEGAL
AMY S. HITCHCOCK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    v.<br><br>BRIAN D. BELAND,<br>DENAE A. BELAND,<br><br>                  Defendants. | CASE NO. 2:19-CR-00021 WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: September 29, 2020<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

## I.    INTRODUCTION

This case is set for a jury trial commencing on September 29, 2020. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date for the trial to commence. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set to commence jury trial on September 29, 2020. A trial confirmation hearing was set for August 24, 2020. ECF 21, 23.

2. By this stipulation, defendants now move to vacate the currently set trial confirmation hearing and continue the trial date until April 13, 2021, and to exclude time between September 29, 2020, and April 13, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

    a) Defense counsel continues to review and analyze the voluminous discovery produced by the government in this case, which to date has included over 17,000 pages of documents, several Excel spreadsheets, and several video recordings. Additionally, on May 5, 2020 and May 13, 2020, respectively, defense counsel sent lengthy supplemental discovery requests to the government, and the parties intend to meet and confer regarding these discovery requests. The government does anticipate producing additional discovery to the defendants in the coming months. It will take additional time for defense counsel to review and analyze this discovery, and for the parties to meet and confer or file motions regarding any remaining discovery issues.

    b) The parties also continue to meet and confer regarding the charges and potential resolution of this case. After meeting in person on March 5, 2020, the parties intend to continue to communicate regarding the points of discussion that were raised at that meeting, points which have generated additional areas of analysis and investigation for defense counsel with regards to resolution and preparation for trial. Defense counsel anticipates that these ongoing discussions

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

will continue to generate points of investigation and research.

   c) Counsel for the defendants also have substantial work-related and personal commitments between September 29, 2020 and April 13, 2021, including other cases set for trial in both state and federal court.  In particular, counsel for both defendants are set for a federal trial in November 2020 in *US v. Emilio Lara*, EDCA Case No. 2:15-cr-0039 MCE.  This case is expected to last approximately two weeks.  And counsel for both defendants are in homicide trial in state court on January 25, 2021. (*People v. Jeffrey Stringer*, Butte County Superior Court, Case No.: 16CF1685).  This case is expected to last approximately 3 weeks.  These and counsels' other commitments will render defense counsel unavailable to prepare this case for trial during certain periods of time between September 29, 2020 and April 13, 2021, and accordingly, additional time is needed for effective preparation.

   d) Furthermore, and significantly, the evolving COVID-19 pandemic has delayed or inhibited defense counsel's ability to effectively prepare for trial, and/or affected the manner and speed of any defense preparation that is possible.  In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the safety measures instituted in response to these public health concerns—such as stay-at-home orders, travel restrictions, and closures—have affected, and will continue to affect, defense counsel's ability to conduct investigation and prepare for trial, including identifying and interviewing potential witnesses and identifying and retaining potential expert(s) in this case.

   e) Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   f) The government does not object to the continuance.

   g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of September 29, 2020 to April 13, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: July 1, 2020                    McGREGOR W. SCOTT
                                       United States Attorney

                                       /s/ AMY S. HITCHCOCK
                                       AMY S. HITCHCOCK
                                       Assistant United States Attorney

Dated: July 1, 2020                    /s/ DAVID W. DRATMAN
                                       DAVID W. DRATMAN
                                       Counsel for Defendant
                                       BRIAN D. BELAND

Dated: July 1, 2020                    /s/ DAVID D. FISCHER
                                       DAVID D. FISCHER
                                       Counsel for Defendant
                                       DENAE A. BELAND

//
//
//

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

The currently set trial confirmation hearing is continued form August 24, 2020 to **March 8, 2021 at 9:00 a.m. in Courtroom 5 (WBS)**, and the trial date is continued from September 29, 2020 to **April 13, 2021**.  Time is excluded between September 29, 2020, and April 13, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

Dated:  July 1, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE