PHILLIP A. TALBERT
Acting United States Attorney
MATTHEW D. SEGAL
VERONICA M.A. ALEGRÍA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>     v.<br><br>BRIAN D. BELAND,<br>DENAE A. BELAND,<br><br>                        Defendants. | CASE NO. 2:19-CR-00021 WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: April 13, 2021<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

### I.   INTRODUCTION

This case is set for a jury trial commencing on April 13, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date for the trial to commence. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set to commence jury trial on April 13, 2021. A trial confirmation hearing was set for March 8, 2021.

2. By this stipulation, defendant now moves to continue the trial date until August 31, 2021, and to exclude time between April 13, 2021, and August 31, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4]. And to set a trial confirmation hearing for July 12, 2021.

3. The parties agree and stipulate, and request that the Court find the following:

   a) Defense counsel continues to review and analyze the voluminous discovery produced by the government in this case, which to date has included over 17,000 pages of documents, several Excel spreadsheets, and several video recordings. Additionally, on May 5, 2020 and May 13, 2020, and March 2, 2021, respectively, defense counsel sent lengthy supplemental discovery requests to the government, and the parties intend to meet and confer regarding these discovery requests. The government does anticipate producing additional discovery to the defendants in the coming months. It will take additional time for defense counsel to review and analyze this discovery, and for the parties to meet and confer or file motions regarding any remaining discovery issues.

   b) The parties also continue to meet and confer regarding the charges and potential resolution of this case. After meeting in person on March 5, 2020, the parties intend to continue to communicate regarding the points of discussion that were raised at that meeting, points which have generated additional areas of analysis and investigation for defense counsel with regards to resolution and preparation for trial. Defense counsel anticipates that these ongoing discussions

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

will continue to generate points of investigation and research.

  c) Counsel for the defendants also have substantial work-related and personal commitments between April 13, 2021 and August 31, 2021, including other cases set for trial in state court. In particular, counsel for both defendants are set for a homicide trial in state court on March 22, 2021, which is expected to continue to June 2021. (People v. Jeffrey Stringer, Butte County Superior Court, Case No.: 16CF1685). This case is expected to last approximately 3 weeks. These and counsels' other commitments will render defense counsel unavailable to prepare this case for trial during certain periods of time between April 13, 2021 and August 31, 2021, and accordingly, additional time is needed for effective preparation.

  d) Furthermore, and significantly, the evolving COVID-19 pandemic has delayed or inhibited defense counsel's ability to effectively prepare for trial, and/or affected the manner and speed of any defense preparation that is possible. In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the safety measures instituted in response to these public health concerns—such as stay-at-home orders, travel restrictions, and closures—have affected, and will continue to affect, defense counsel's ability to conduct investigation and prepare for trial, including identifying and interviewing potential witnesses and identifying and retaining potential expert(s) in this case.

  e) Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  f) The government does not object to the continuance.

  g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 13, 2021 to August 31, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 3, 2021				PHILLIP A. TALBERT
						Acting United States Attorney


						/s/ VERONICA M.A. ALEGRÍA
						MATTHEW D. SEGAL
						VERONICA M.A. ALEGRÍA
						Assistant United States Attorneys


Dated:  March 3, 2021				 /s/ DAVID W. DRATMAN
						DAVID W. DRATMAN
						Counsel for Defendant
						BRIAN D. BELAND


Dated:  March 3, 2021				 /s/ DAVID D. FISCHER
						DAVID D. FISCHER
						Counsel for Defendant
						DENAE A. BELAND


**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  March 3, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE