PHILLIP A. TALBERT
United States Attorney
VERONICA M.A. ALEGRÍA
LEE S. BICKLEY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN D. BELAND<br>DENAE A. BELAND,<br><br>Defendants. | CASE NO.  2:19-CR-00021 WBS<br><br>STIPULATION AND ORDER TO CONTINUE HEARING AND TRIAL DATES AND EXCLUDE TIME<br><br>TRIAL DATE: March 7, 2023<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

Plaintiff United States of America, by and through its counsel of record Assistant United States Attorneys Veronica M.A. Alegría and Lee S. Bickley, and defendants Brian D. Beland and Denae A. Beland, by through their counsel of record, hereby request to continue the motion to dismiss hearing to August 24-25, 2022; the trial confirmation hearing to January 30, 2023; and the trial date to March 7, 2023; and to exclude time.

1. This case is currently set for a jury trial commencing on August 23, 2022; the trial confirmation hearing is currently set for June 27, 2022; and the hearing on defendants' motion to dismiss is currently set for June 28-29, 2022.

2. Defense counsel initially filed their motion to dismiss under seal on February 28, 2022, although it was not entered onto the docket until April 8, 2022. The Court has not ruled on this pending motion. *See* 18 U.S.C. § 3161(h)(1)(D).

3. The government initially produced over 17,000 pages of documents, several Excel spreadsheets, and several video recordings. In response to defendants' discovery demands, in March 2021, the government produced almost 5,000 pages of additional discovery. In light of the upcoming hearing, the government recently produced over 10,000 pages of additional discovery.

4. Defense counsel continues to review and analyze the voluminous discovery. Defense counsel also continues to conduct investigation and research into the information in this discovery and the charges, confer with their clients, and otherwise prepare for trial. Defense counsel currently has numerous significant trials scheduled, as well as other substantial work-related and personal commitments, that require the continuance of this trial date. Defense counsel also needs additional time to prepare their exhibits and witnesses for the hearing on their motion to dismiss. Nevertheless, defense counsel continues to diligently prepare for the hearing and trial and confer with the government regarding resolution.

5. The government does not object to the continuance.

6. The continuance is not based on the congestion of the Court.

7. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

8. In light of the above, the parties jointly request to continue the evidentiary hearing on defendants' motion to dismiss to August 24-25, 2022; the trial confirmation hearing to January 30, 2023; and the trial date to March 7, 2023.

9. By previous findings and order of the court, time until August 23, 2022, has been deemed excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

10. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of August 22, 2022, to March 7, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Time is also excludable under 18 U.S.C. § 3161(h)(1)(D) until the Court rules on

defendants' pending motion to dismiss.

11. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: June 22, 2022					PHILLIP A. TALBERT
							United States Attorney


							/s/ *Veronica M.A. Alegría*
							VERONICA M.A. ALEGRÍA
							LEE S. BICKLEY
							Assistant United States Attorneys


Dated: June 22, 2022					/s/ *David D. Fischer*
							DAVID D. FISCHER
							Counsel for Defendant
							DENAE A. BELAND


Dated: June 22, 2022					/s/ *David W. Dratman*
							DAVID W. DRATMAN
							Counsel for Defendant
							BRIAN D. BELAND


## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED:

1) The evidentiary hearing on defendants' motion to dismiss is reset for August 24 and 25, 2022 at 9:00 a.m.;

2) The trial confirmation hearing is reset for January 30, 2023 at 9:00 a.m.; and

3) The jury trial date to reset for March 7, 2023 at 9:00 a.m.

4) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of August 22, 2022, to March 7, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the

REQUEST TO CONTINUE HEARING AND TRIAL DATES
AND EXCLUDE TIME; ORDER

3

ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Time is also excludable under 18 U.S.C. § 3161(h)(1)(D) until the Court rules on defendants' pending motion to dismiss.

Dated: June 22, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE