UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN D. BELAND and DENAE A. BELAND,<br><br>Defendants. | No. 2:19-CR-21 WBS<br><br>MEMORANDUM AND ORDER RE: MOTION FOR NEW TRIAL |

----oo0oo----

Defendants Brian and Denae Beland were convicted on one count of obstruction of an IRS investigation under 26 U.S.C. § 7212(a), and Brian Beland was convicted on three counts of filing a false tax return under 26 U.S.C. § 7206(1).  Defendants now move for a new trial because the lead prosecutor, Assistant U.S. Attorney Veronica Alegria ("AUSA Alegria"), did not disclose that she had applied for a home loan through Mr. Beland in March 2020 and because of the possibility that AUSA Alegria was prejudiced against the Belands "due to the failed business relationship"

1

between AUSA Alegria and Mr. Beland.  (Docket Nos. 182, 186.)

Under Federal Rule of Criminal Procedure 33(a), a "court may vacate any judgment and grant a new trial if the interest of justice so requires."  In evaluating a motion for a new trial under Rule 33, "[t]he court is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses."  United States v. Kellington, 217 F.3d 1084, 1097 (9th Cir. 2000).  The burden of justifying a new trial rests with the defendant, United States v. Endicott, 869 F.2d 452, 454 (9th Cir. 1989), and "[a] motion for new trial is directed to the discretion of the district judge," United States v. Pimentel, 654 F.2d 538, 545 (9th Cir. 1981).  Accord Kellington, 217 F.3d at 1097 (district court's decision to grant or deny a new trial is reviewed for abuse of discretion).  While the burden on a motion for new trial is not as demanding as that for a motion for acquittal, such motions are generally disfavored and should only be granted in exceptional cases.  See United States v. Del Toro-Barboza, 673 F.3d 1136, 1153 (9th Cir. 2012).

Rule 33 explains that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."  Fed. R. Cr. P. 33(b)(2).  Because defendants were convicted on March 17, 2023, and their motions were filed on July 11, 2023, almost four months later, their request for a new trial, to the

2

extent it is based on any ground other than newly discovered evidence, is barred.[1]

To prevail on a Rule 33 motion for a new trial based on newly discovered evidence, a defendant must show that (1) the evidence was newly discovered; (2) the failure to discover the evidence sooner was not the result of a lack of diligence on the defendant's part; (3) the evidence is material to the issues at trial; (4) the evidence is neither cumulative nor merely impeaching; and (5) the evidence indicates that a new trial would probably result in acquittal. United States v. Harrington, 410 F.3d 598, 601 (9th Cir. 2005) (quoting United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir. 1991)).

Here, the court assumes that the evidence of AUSA Alegria's prior interactions with Mr. Beland was newly discovered and not the result of a lack of diligence.[2]  Even with these assumptions, defendants' motion must be denied.  First, defendants make no argument that evidence of AUSA Alegria's purported conflict is material or relevant to the issues at trial.  Whether Alegria was disinterested or had some sort of vendetta against the Belands based on her failed mortgage application has no bearing on the ultimate issue of the Belands' guilt, the credibility of any witnesses, or any other issue at

---

[1] A motion for new trial based on newly discovered evidence must be filed within three years after the verdict or finding of guilty.  Fed. R. Cr. P. 33(b)(1).

[2] The Belands state that their motions for new trial are based on newly discovered evidence because they did not discover until recently that AUSA Alegria had applied for a mortgage through Brian Beland.  (Docket No. 182 at 3; Docket No. 186 at 2.)

3

trial.  Such conclusion is bolstered by the fact that AUSA Alegria was not involved in the initial investigation, the indictment, or the prosecution of this case for its first two years, and that she had co-counsel during most, if not all, of her time on the case.

Second, evidence of the purported conflict does not show that a new trial would probably result in acquittal. Defendants have not explained how a new trial would be conducted differently and why they would not likely be convicted on all counts once again.  The court's own observation of this case was that both the government attorneys and defense counsel have vigorously advocated their positions, without any indication of impropriety, throughout the case, including during trial and also during the multi-day evidentiary hearing on the Belands' motion to dismiss.  The Belands identify nothing that happened at trial, or before or after, that could have been a result of AUSA Alegria's purported "ax to grind."  The court also notes that it already found there was sufficient evidence to convict the Belands when it denied their motions for judgment of acquittal under Federal Rule of Criminal Procedure 29.  (See Docket Nos. 164, 178.)

Moreover, even applying the standards for a motion to disqualify, rather than for a motion under Rule 33, the court would still deny the motion.  The Supreme Court has discussed the need for a "disinterested prosecutor."  See Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 807-10 (1987). However, "disinterested" in this context does not mean that the prosecutor has no interest in the outcome of the case.  See,

4

1  e.g., United States v. Kahre, 737 F.3d 554, 573-74 (9th Cir.
2  2013) (noting that Young presented a narrow ruling regarding the
3  conflicts of interest presented by private attorneys representing
4  their private clients while also prosecuting contemnors).  Proof
5  of a conflict must be clear and convincing to justify removal of
6  a prosecutor from a case, and defendants must demonstrate
7  prejudice from the potential conflict of interest.  Id. at 574.
8           The Ninth Circuit's decision in United States v.
9  Lorenzo, 995 F.2d 1448 (9th Cir. 1993), is instructive on this
10 issue.  There, defendants were convicted of a scheme which
11 involved, among other things, using federal income tax forms as a
12 means of retaliating against others and also to receive tax
13 refunds.  One defendant used this scheme against the United
14 States Attorney for the District of Hawaii and an Assistant
15 United States Attorney who had handled a civil foreclosure action
16 against him.  The defendants argued that because the United
17 States Attorney and several assistants were "victims" and
18 testified as witnesses at trial, the district court should have
19 disqualified the entire United States Attorney's Office.  Id. at
20 1448-52.
21          The Ninth Circuit affirmed, noting, among other things,
22 that (1) the United States Attorney's Manual did not require
23 disqualification, as the Manual "is not intended to, does not,
24 and may not be relied upon to create any rights, substantive or
25 procedure, enforceable by any party in any matter civil or
26 criminal"; and (2) the defendants had not shown actual prejudice
27 in part because there was no suggestion that the charges were
28 brought because of the victimization of the United States

Attorney himself or that the office did not exercise its discretionary function in an "even-handed manner." Id. at 1452-53.

Similarly, here, the possibility that the United States Attorney's Manual would counsel assigning a different prosecutor to the case is not a ground for disqualification of AUSA Alegria or for granting a new trial. It is the United States Attorney, not this court, who is constitutionally and statutorily charged with the responsibility of determining who shall represent the United States in the courts of this district, and the court will not second-guess that decision.

Nor have the Belands shown actual prejudice because (1) there can be no contention that charges brought before AUSA Alegria's employment with the U.S. Attorney's Office for the Eastern District of California were the result of her interactions with Mr. Beland before her assignment to the case, and (2) there is no allegation of how this case would be prosecuted any differently by another prosecutor.

AUSA Alegria acknowledges in her Declaration that she and her husband interacted with Brian Beland by name through emails, texts and phone calls for a ten-day period in March of 2020 in connection with their application for a mortgage to acquire their new home, and that Brian Beland actually found a mortgage for them, although it eventually "fell through." Yet, she maintains that from January of 2021 until June of 2023 she did not remember having any personal interaction with him. The court will accept her representations, as incredible as they may seem, as an officer of the court. Moreover, even if she did

6

recall her interactions with Mr. Beland at the time she was prosecuting this case, it would not warrant a new trial based upon any purported conflict of interest or appearance of a conflict of interest.

        IT IS THEREFORE ORDERED that defendants' motions for new trial (Docket Nos. 182, 186) be, and the same hereby are, DENIED.

Dated:  August 8, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7